IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BALDWIN EMERGENCY MEDICAL SERVICE; BRENTWOOD EMERGENCY MEDICAL SERVICES; BUTLER AMBULANCE SERVICE; CARNEGIE EMS, INC.; CITIZENS' AMBULANCE SERVICE, INC.; CITY OF PITTSBURGH; ECONOMY VOLUNTEER AMBULANCE SERVICE, INC.; FORD CITY HOSE COMPANY #1 AMBULANCE SERVICE; LEELYNNANN, INC. d/b/a AMBULANCE & CHAIR SERVICE; McCANDLESS-FRANKLIN PARK AMBULANCE AUTHORITY; MEDICAL RESCUE TEAM SOUTH AUTHORITY; MEMORIAL PARK POST NO. 764 VFW d/b/a PETERS TOWNSHIP VFW POST 764 AMBULANCE SERVICE; MONESSEN AMBULANCE SERVICE, INC. d/b/a MON VALLEY EMERGENCY MEDICAL SERVICES; MUTUAL AID AMBULANCE SERVICE, INC.; NOGA AMBULANCE SERVICE, INC.; PENNSYLVANIA MEDICAL TRANSPORT; ROBINSON EMERGENCY MEDICAL SERVICE, INC.; ROSS/WEST VIEW EMERGENCY MEDICAL SERVICES AUTHORITY; SHALER AREA EMERGENCY MEDICAL SERVICES, INC.; SOUTHBRIDGE EMERGENCY MEDICAL SERVICE INC.; VALLEY AMBULANCE AUTHORITY; on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>HIGHMARK, INC., and KEYSTONE HEALTH PLAN WEST, d/b/a SECURITY BLUE,<br><br>        Defendants. | Civil Action No. 03-1007<br><br>Honorable Gary L. Lancaster |

**ORDER AMENDING AND CLARIFYING CERTIFICATION ORDER, APPOINTING CLASS COUNSEL, PRELIMINARILY APPROVING SETTLEMENT, AND APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS**

This matter has come before the Court on a Joint Motion to Amend and/or Clarify Certification Order, Appoint Class Counsel, Preliminarily Approve Settlement, and Approve the Form and Manner of Notice to Class Members (the "Motion"). In connection with a proposed settlement of this litigation, the above-named Plaintiffs (the "Named Class Representatives") and the Defendants, Highmark Inc. and Keystone Health Plan West, Inc., d/b/a SecurityBlue (together, the "Defendants" or "Highmark") have filed a Stipulation of Settlement (the "Stipulation"),[1] together with a proposed Notice of Proposed Settlement of Class Action (the "Notice"). The Court has considered the Motion, the Stipulation, the Notice, and all of the other pleadings, papers, and filings in this matter, and makes the following findings and conclusions:

On March 23, 2006, the Named Class Representatives and Highmark agreed to the terms of a tentative oral settlement agreement during a settlement conference with this Court, which was read into the record and subsequently reduced to writing in the form of the Stipulation. The Named Class Representatives and Highmark entered into the settlement and Stipulation after extensively analyzing and arguing various legal and factual issues related to this litigation, exchanging and analyzing detailed claims data, and negotiating vigorously and at arms length.

The Named Class Representatives' attorneys are authorized to act on behalf of the Named Class Representatives with respect to all acts or consents required by, or which may be given pursuant to, the Stipulation, or such other acts which are reasonably necessary to consummate the proposed settlement set forth in the Stipulation.

As good cause appears therefor,

**IT IS HEREBY ORDERED** as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

2

1.      By Order dated January 30, 2004 (the "Certification Order"), Judge Cindrich granted the Named Class Representatives' Revised Motion for Class Certification. As part of such holding, the Court necessarily found, as alleged by the Named Class Representatives in their original Motion to Certify Class Action and in their Amended Complaint, that this action meets the prerequisites for a class action as specified in Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules"). To the extent not previously detailed in the Certification Order, the Court now finds that Counts I and II of the Amended Complaint meet the prerequisites of a class action as specified in Rule 23(a) and (b)(2) of the Federal Rules, and that Counts III through VI of the Amended Complaint meet the prerequisites of a class action as specified in Rule 23(a) and (b)(3) of the Federal Rules. Accordingly, the action has proceeded and shall hereafter proceed as a class action on behalf of the Class Members defined below, with respect to all issues raised in the Amended Complaint:

> **Class Definition:** All Western Pennsylvania ambulance service providers who, on a non-contract basis with the Defendants, Highmark Inc. and Keystone Health Plan West, Inc., d/b/a SecurityBlue, provided ambulance services to Defendants' SecurityBlue beneficiaries. The relevant period during which such services were provided is January 1, 1997 to April 1, 2002.

The Class Representatives shall continue to consist of the Named Class Representatives identified in the Amended Complaint.

2.      The Class claims are set forth in the Amended Complaint. Specifically, the Named Class Representatives have sought a declaration that Highmark was obligated under federal law to pay the Plaintiffs their full charges for ambulance services rendered to SecurityBlue beneficiaries, and have sought the entry of a judgment requiring Highmark to reimburse the Plaintiffs for the difference between their charges and the amounts they were actually paid.

3.     The Court hereby appoints Charles Kelly and Kristin Anders Lawson, of the law firm of Sinclair Kelly Jackson Reinhart and Hayden, LLC, as Class Counsel pursuant to Rule 23(c) and (g) of the Federal Rules.  The Court finds that Attorneys Kelly and Lawson will fairly and adequately represent the interests of the Class.  In reaching this conclusion, the Court has considered the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources that counsel has committed and will continue to commit to representing the Class.

4.     The Court hereby preliminarily approves the proposed settlement set forth in the Stipulation as fair, reasonable, and adequate to the Class, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation and to show cause, if any exists, why a final judgment dismissing claims based on the Stipulation should not be entered at the Fairness Hearing ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

5.     Pending final resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the Class Members for purposes of effectuating the settlement and releasing their claims.

6.     Pending final resolution of the settlement proceedings, no other action now pending or hereafter filed arising out of all or any part of the subject matter of this action shall be maintained as a class action.

7.     Except as provided by this or further order of Court for good cause shown, all persons are hereby enjoined during the pendency of these settlement proceedings from filing or

prosecuting purported class actions against any Released Party with respect to any of the Settled Claims.

8. The Notice, which is attached to the Motion as Exhibit B, is hereby approved by this Court. The Court reaffirms that Class Members are entitled to opt out of the Class; the Notice explains the right to opt out of this litigation, including the settlement thereof, and the procedure and deadline for doing so.

9. Highmark (or its designee) is hereby directed to give notice of the proposed settlement in the following manner: to mail, or cause to be mailed, a copy of the Notice to each potential Class Member so entitled to receive such Notice pursuant to the Stipulation and its incorporated plans of distribution. Highmark shall use its best efforts to accomplish the above on or before Friday, May 12, 2006, but in any event, no later than Thursday, May 25, 2006.

10. Pursuant to Rule 23(c) of the Federal Rules, this Court hereby finds and concludes that the form and manner of giving notice by the mailing required by this Order is, under the circumstances, the best practicable notice to all Class Members. Said notice procedure provides due and sufficient notice of these proceedings and of the matters described in the Notice, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice procedure satisfies the requirements of the Federal Rules and the requirements of state and federal constitutional due process.

11. On or before the date fixed by this Court for the Fairness Hearing referred to in paragraph 13 of this Order, Highmark shall cause to be filed with the Clerk of the Court and served upon Class Counsel, affidavits or declarations of the persons under whose general direction the mailing of the Notice shall have been prepared and made, showing that such mailing and publication have been done in accordance with this Order.

12. Any Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense. Any Class Member that does not enter an appearance or appear on its own will be represented by Class Counsel.

13. On June 30, 2006, at 9:30 a.m., or as soon thereafter as class counsel may be heard, in Courtroom 3A of the United States District Courthouse, 3rd Floor, U.S. Post Office and Courthouse Building, 7th Avenue and Grant Street, Pittsburgh, Pennsylvania, a hearing conducted by this Court (the "Fairness Hearing") will be held to determine: (a) whether the Court should approve the fairness, reasonableness, and adequacy of the terms and conditions of the proposed settlement set forth in the Stipulation and enter a final judgment thereon, and (b) the amount of attorneys' fees and expenses to be awarded to Class Counsel and the Named Class Representatives.

14. No later than May 31, 2006, counsel shall file with this Court and serve on opposing counsel, as appropriate, copies of: (i) submissions in support of the proposed settlement; (ii) applications for payment of attorneys' fees and expenses to Class Counsel and the Named Class Representatives; and (iii) submissions in support of such applications.

15. Any Class Member may appear personally or by counsel at the Fairness Hearing and may object to, or express the Class Member's views regarding, the appropriateness of the proposed settlement and/or the application for payment of attorneys' fees and expenses to Class Counsel and the Named Class Representatives, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by this Court. However, no Class Member shall be heard at these hearings, or be entitled in any way to contest approval by this Court of the proposed settlement or the application for payment of attorneys' fees and expenses to Class Counsel or the Named Class Representatives unless no later than June

16, 2006, such Class Member files with the Court and mails or delivers his objections, and grounds thereof, or the reasons for such Class Member's desire to appear and be heard, along with proof of membership in the Class, in writing, together with all papers to be submitted to this Court at the hearing, to Class Counsel and counsel for the Defendants at the following addresses:

### Class Counsel

Charles Kelly, Esquire
Kristin Anders Lawson, Esquire
Sinclair Kelly Jackson Reinhart & Hayden, LLC
Southpointe Center
501 Corporate Drive, Suite 200
Canonsburg, PA  15317

### Counsel for the Defendants

Gerri L. Sperling, Esquire
Metz Lewis LLC
11 Stanwix Street, 18th Floor
Pittsburgh, PA  15222

In the event that a Class Member chooses to proceed without counsel, and therefore does not have the ability to file its papers electronically with the Court, it shall send copies to Class Counsel and counsel for the Defendants. Following receipt of any such objections from any Class Members, Class Counsel shall cause the objections, together with any supporting papers, to be filed electronically with the Court no later than June 27, 2006.

16.   Class Members can exclude themselves from, or "opt out" of, this litigation. To do so, a Class Member must personally sign a written request to opt out and mail it to Class Counsel, with a copy mailed to counsel for the Defendants, at the addresses listed in the foregoing paragraph. Unsigned requests will not be accepted. No entity may sign an opt-out request for a Class Member other than itself. Any request to opt out shall be valid only if it is postmarked no later than June 16, 2006. Following receipt of any opt-out requests from any

Class Members, Class Counsel shall cause the objections, together with any supporting papers, to be filed electronically with the Court no later than June 27, 2006. No entity that opts out of the Class shall be permitted to file any objection, and any such objection that may be filed by an entity that opts out shall be disregarded.

17. Class Counsel and counsel for Highmark may contact any entity that requests to opt out, or such entity's counsel if the entity is represented, to discuss that entity's reason for requesting exclusion from the Class.

18. If any entity that has requested to opt out of the Class elects to rescind the request and so notifies Class Counsel in writing, with a copy mailed to counsel for Highmark, postmarked prior to the deadline for opting out, which is June 16, 2006, that entity's request for exclusion shall be deemed null and void.

19. No later than June 23, 2006, Class Counsel and counsel for Highmark shall be permitted (but are not obligated) to file additional submissions responsive to issues raised by any Class Member's objection. Counsel shall serve a copy of any such responsive submissions on opposing counsel and also on the entity (or its counsel) who made the objection to which the submission is responsive.

20. Upon the Effective Date, all Class Members shall be barred and permanently enjoined from prosecuting, commencing, or continuing to litigate any Settled Claim against any of the Released Parties (as defined in the Stipulation), and all such Class Members shall be conclusively deemed to have released any and all such Settled Claims against the Released Parties.

21. The Fairness Hearing and any fee hearing, and all dates provided for herein, may from time to time, and without further notice to the Class Members, be continued or adjourned by order of the Court.

22. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Stipulation is not finally approved, or is terminated, canceled, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of the date the Stipulation was entered.

DATED this 3rd day of May, 2006.

_____
THE HON. GARY L. LANCASTER
UNITED STATES DISTRICT JUDGE