IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BALDWIN EMERGENCY MEDICAL   )
SERVICE, et al.,            )
                            )
            Plaintiffs,     )
                            )
               v.           )   Civil Action No. 03-1007
                            )
HIGHMARK, INC. and KEYSTONE )
HEALTH PLAN WEST, d/b/a     )
SECURITYBLUE,               )
                            )
            Defendants.     )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                June 30, 2006

On June 30, 2006, this court approved the settlement of this class action. The settlement provided $10 million in class-wide relief, which the court found to be fair, reasonable, and adequate. Before the court is plaintiffs' motion for attorneys' fee. In light of the magnitude and complexity of this case, the significant risks of loss undertaken by class counsel, the efforts of class counsel against skilled opposition, and the substantial result achieved for class members, the requested attorneys' fee are reasonable and warrant approval.

I.  The Requested Attorneys' Fee Is Approved

The court must review and approve counsel's fees in a class action settlement, even when the parties have agreed upon an

appropriate fee. See In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litig., 55 F.3d 768, 819-20 (3d Cir. 1995). However, absent evidence of collusion, a negotiated fee is entitled to substantial weight and deference.

The requested attorneys' fee of $3 million is 30% of the settlement's benefit to the class. This award is characteristic of contingency fee agreements approved in cases of similar magnitude and complexity. The court finds no evidence of collusion.

We also approve expense reimbursements in the amount of $5,000 to each Named Class Representative. The expense reimbursements in this case simply represents the return to the Named Class Representatives of the $5,000 they each provided to help prosecute and to cover the day-to-day expenses of the litigation over the last three years. The expense reimbursements will place the Named Class Representatives on the same footing as every other member of the class.

II. Conclusion

For the foregoing reasons, the court finds the attorneys' fee of $3 million is fair and reasonable when compared to similar cases and is more than justified by the skilled efforts of counsel when compared to the $10 million benefit to the class.

Therefore, this 30th day of June, 2006, IT IS HEREBY ORDERED that plaintiffs' petition for attorneys' fee IS APPROVED.

BY THE COURT:

_____, J.

cc: All Counsel of Record